**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| TERESA L. TILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-CV-181 |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Teresa L. Till brought this suit to contest a denial of disability benefits by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). On July 18, 2014, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 34.) Till filed a motion and a supplemental motion to recover attorney fees in the amount of $12,436.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 37, 46.) The Commissioner opposes Till's fee request, arguing that its litigation position was "substantially justified." (Docket # 40.)

For the reasons set forth herein, Till's motions will be DENIED.

### I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).

The substantial justification standard requires that the Commissioner show its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In response to Till's request for fees, the Commissioner asserts that it was substantially justified in defending the ALJ's final decision and, consequently, that Till's fee request should be denied. Ultimately, the Commissioner's assertions have merit.

The Commissioner defended two arguments advanced by Till in her appeal. Specifically, Till argued that the ALJ: (1) improperly discounted the credibility of her symptom testimony; and (2) failed to properly evaluate the opinion of Ms. Lothamer, her treating nurse practitioner.

(Docket # 22, 33.) Because a remand was warranted on the credibility argument, the Court did not reach Till's argument concerning Ms. Lothamer's opinion. (Order 2.)

The Court found that two of the ALJ's reasons for discounting Till's credibility did not withstand scrutiny. Specifically, the Court observed that the ALJ failed to consider Till's numerous qualifications and limitations in performing household activities, and assessed her social activities based on a skewed portrayal of her boyfriend's testimony. (Order 12-18.)

But in doing so, the Court noted that the ALJ cited three other reasons to discredit Till pertaining to her participation in vocational rehabilitation, the effectiveness of her medications, and an inconsistency between memory test scores and her complaint of memory problems. The Court observed that these other reasons "have more traction," but nevertheless did not assuage its concern that the ALJ's flawed credibility determinations were directly relevant to whether Till had the ability to perform unskilled, medium work. (Order 17-18.) As a result, the credibility determination was remanded.

It is significant to the instant motion that the ALJ indeed engaged in a lengthy credibility analysis, discussing various factors articulated in Social Security Ruling 96-7p, such as the objective medical evidence and Till's treatment history. (Tr. 28.) As a result, the ALJ's credibility determination in this instance is more analogous to that addressed in *Cunningham*, 440 F.3d at 865, in which the Seventh Circuit Court of Appeals concluded that the government's position regarding the ALJ's credibility determination was substantially justified "even though the ALJ was not as thorough in his analysis as he could have been," *id*., and inapposite to that in *Golembiewski*, 382 F.3d at 724, in which the Court of Appeals found that the Commissioner's position was not substantially justified because the "the ALJ's decision contained *no* discussion

of credibility," *id*. (emphasis added). *See also Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("[Given that] the level of articulation required is far from precise," the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006)); *accord Henriksen v. Astrue*, No. 07 C 6142, 2009 WL 2588695, at *2 (N.D. Ill. Aug. 19, 2009).

Considering that the ALJ penned a lengthy paragraph providing five reasons for discounting Till's credibility, three of which at least had some traction, the case for remand was a closer call. The Commissioner indeed "had a rational ground for thinking it had a rational ground for its action[.]" *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ."). Accordingly, the Court concludes that the Commissioner's position

4

as a whole was substantially justified,[1] and Till's request for attorney fees will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified.  Therefore, Till's motion (Docket # 37) and supplemental motion for attorney's fees (Docket # 46) are DENIED.

SO ORDERED.

Enter for December 16, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Neither party discusses in any detail Till's argument that the ALJ improperly discounted Ms. Lothamer's opinion, but the Court has considered the argument in its global determination concerning the fee petition.