# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TERESA L. TILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CAUSE NO. 1:13-cv-00181-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Sued as Carolyn W. Colvin, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Teresa L. Till brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On July 18, 2014, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (DE 34).

Till's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $9,588.50 for his representation of Till in federal court. (DE 49). On October 21, 2015, the Commissioner filed a response to the motion, indicating that it has no objection to Shull's request for fees in the amount of $9,588.50. For the following reasons, Shull's motion for attorney fees will be GRANTED.

### *A. Factual and Procedural Background*

On April 25, 2013, Shull entered into a contingent fee agreement with Till for his representation of her in federal court.[1] (DE 51-2). The agreement provided that Shull would

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

"charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (DE 51-2).

On June 5, 2013, Till filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (DE 1). On July 18, 2014, Till received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (DE 34; DE 35).

On October 3, 2014, Till filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (DE 37), together with a supplemental motion two months later (DE 46), seeking payment for the 66.15 hours that Shull spent advocating her claim in federal court.[2] The Court, however, denied Till's request for fees, finding that the Commissioner's litigation position was substantially justified. (DE 48).

On October 7, 2015, the Commissioner sent a notice of award to Till, stating that she was entitled to monthly disability benefits beginning June 2015 and that she would receive a payment of $42,520 in past-due benefits for August 2009 through March May 2015. (DE 51-1). The notice further explained that the Commissioner had withheld $1,041.50 from Till's past-due benefits to pay her attorneys. (DE 51-1 at 3). Shull states that he received that amount (reduced to $1,038.50 after user fees) from the Commissioner pursuant to § 406(a) for his representation of Till in the administrative proceedings. (DE 51 at 2).

On October 7, 2015, Shull filed the instant motion (DE 49), together with supporting documentation (DE 50; DE 51), seeking the Court's approval of $9,588.50 in attorney fees from

---

[2] The affidavit (DE 50) Shull submits with the instant motion itemizes his hours from January through October 2014, which when added, total 52.05, not 66.15 as Shull represents in the affidavit. However, it is apparent from a prior affidavit of record (DE 47) that Shull spent an additional 14.10 hours on Till's EAJA motion in November and December 2014, which explains his total of 66.15.

2

Till pursuant to the contingent fee agreement and § 406(b). (DE 49). On October 21, 2015, the Commissioner filed a response, indicating that it has no objection to Shull's request for fees in the amount of $9,588.50. (DE 52).

### *B. Legal Standard*

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. § 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted).

## C. Discussion

The Court is charged with determining whether Shull's requested fee of $9,588.50 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Till's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In that regard, the Commissioner's notice of award dated May 7, 2015, reflects that Till was awarded past-due benefits in the amount of $42,520. (DE 51-1 at 3). Based on that notice, it is evident that the fee amount that Shull requests, $9,588.50, does not exceed 25% of Till's past-due benefits.

Shull contends that an award of $9,588.50 is reasonable when considering the 66.15 hours he spent representing Till in federal court, the contingent nature of the fee, and the good result he achieved for her. Indeed, "there is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs

4

rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)).

Furthermore, Shull obtained a good result for Till and provided her with experienced representation. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client). This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (DE 50 (describing Shull's professional experience in the area of social security law)).

Moreover, the requested fee of $9,588.50, divided by the 66.15 hours Shull spent on the case in federal court, equates to an effective rate of $145 per hour. This rate is well below many of the effective rates previously awarded in the Fort Wayne Division.[5] *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour). Accordingly, Shull's requested

---

[5] Even if the 14.10 hours Shull spent on the EAJA fee petition were excluded, his effective rate would be $184.22, which is still well below the effective rates typically awarded.
  While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), certain aspects of a lodestar approach remain in the calculus. 535 U.S. at 802, 808. As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[C]ourts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

fee award under § 406(b) will be authorized by this Court.[6]

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 49) seeking a fee award of $9,588.50 is GRANTED.

SO ORDERED.

Enter for this 30th day of October 2015.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[6] Because Shull's request for an EAJA fee award was denied (DE 48), there is no need to offset an EAJA award from the § 406(b) award. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (acknowledging that "[t]he uncodified clause of the EAJA requires an attorney that '*receives fees for the same work* under both' the EAJA and the Social Security Act to refund the smaller amount to the claimant," but emphasizing that "the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same work" (citations omitted)); *see also Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009).